```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

James Izlar, Jr.

    v.                                    Civil No. 21-cv-393-SE

FCI Berlin, Warden


O R D E R

James Izlar, Jr. brought a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. no. 1. His petition challenges the sufficiency of the evidence to support the Bureau of Prisons' ("BOP") determination that he was guilty of a Code 217 violation.[1] Id. at 1-3.

On March 22, 2022, Magistrate Judge Andrea K. Johnstone issued a Report and Recommendation ("R&R"), recommending that the undersigned judge dismiss the petition. Doc. no. 5 at 10. The R&R reasoned that the BOP Discipline Hearing Officer's ("DHO") decision "rested on evidence in the record that could support the conclusion reached, satisfying the 'some evidence' standard required to protect Mr. Izlar's due process rights." Id. (quotation and citations omitted); see also Superintendent,

---

[1] A Code 217 violation is defined as "[g]iving money to, or receiving money from, any person for the purpose of introducing contraband or any other illegal or prohibited purpose." 28 C.F.R. § 541.3, T.1.

Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (setting forth the "some evidence" standard).

The court agrees with the R&R's conclusion that the petition, which asserts a single due process claim alleging that the evidence before the DHO was insufficient to support a finding that Izlar violated Code 217, does not state a valid claim for relief. Izlar admitted that he received money from another person for the purpose of purchasing commissary items for Joseph White, while White was restricted from doing so. Doc. no. 1 at 2. The BOP reasonably, and consistent with its own regulations, determined that helping White circumvent his loss-of-commissary disciplinary sanction was a prohibited purpose in violation of Code 217. See Talk Am., Inc. v. Michigan Bell Tel. Co., 564 U.S. 50, 59 (2011) (explaining courts will defer to an agency's interpretation of its regulations unless the interpretation is plainly erroneous or inconsistent with the regulations or there is any other reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question). To the extent that the R&R or Izlar's objection discusses other claims, those claims were not asserted in Izlar's petition, and the court need not address them here.

For these reasons, after due consideration of the objection filed, I herewith approve the R&R of Magistrate Judge Andrea K. Johnstone dated March 22, 2022, (doc. no. 5) to the extent that it reasoned "some evidence" supports the DHO's conclusion that Izlar was guilty of a Code 217 violation. Izlar's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (doc. no. 1) is dismissed. The clerk shall enter judgment and close this case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

May 25, 2022

cc: James Izlar, Jr., pro se